**Senter LAXTON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**No. 729.**

United States District Court
S. D. West Virginia,
at Bluefield.

May 9, 1963.

Marshall G. West, Pineville, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Charleston, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education, and Welfare that he was not entitled to a period of disability or to disability insurance benefits under sections 223 and 216(i) of the Social Security Act, as amended. For the reasons hereinafter stated, it is now found that the Secretary's decision is supported by substantial evidence and that defend-

ant's motion for summary judgment should be granted.

Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), provides that "As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The next subsection 205(h) of the Act, 42 U.S.C.A. § 405(h), expressly restricts the judicial remedy to the aforesaid manner of judicial review.

On December 19, 1960, plaintiff filed an application for disability insurance benefits and to establish a period of disability, alleging that he became disabled on November 15, 1959, at age 42, because of weakness in his legs. This application was denied by the Bureau of Old-Age and Survivors Insurance both initially and upon reconsideration. On February 14, 1962, a hearing examiner also found that plaintiff was not entitled to disability insurance benefits or to a period of disability. The Appeals Council granted plaintiff's request for review and, after receiving additional medical evidence, rendered a decision on November 6, 1962, in which it similarly found that plaintiff was not entitled to a period of disability or to disability insurance benefits based on his application of December 19, 1960, and affirmed the decision of the hearing examiner. This decision became the final decision of the Secretary which is now before this court for judicial review.

■ In order to meet the statutory definition of disability, plaintiff had to establish that he had been continuously precluded from engaging in any substantial gainful activity by a disabling impairment or impairments which began no later than March 19, 1961, the last date for which the application of December 19, 1960, was effective. Plaintiff's special insured status continued until September 30, 1961.

■ Plaintiff was born on February 18, 1917. He completed six grades of school, and his major occupation was that of a coal miner. His last mine job was that of a coal loading machine operator. In 1959, he worked for two electrical contractors for periods of six weeks each. He installed electrical wiring in new homes. This job required that he climb ladders, string wire, and make connections of wires to receptacles. He worked a regular forty hour week. All work was done standing. In 1958, he worked for nine months loading coal in a small truck mine. After he stopped working in 1959, plaintiff has made no effort to find other work.

In September 1955, plaintiff was injured by a rock fall in the mines. He suffered a dislocation of the left hip and chip fractures of the acetabulum. When examined by Dr. H. A. Swart on September 27, 1957, it was found that plaintiff experienced pain on activity, but could walk one mile if he stopped and rested frequently. Flexion was possible to 90 degrees and extension to 15 degrees. No rotation or lateral motion could be made out. X-rays showed slight deformity of the left acetabulum consistent with an old injury. There was a narrowing of the hip joint with associated arthritic changes. A fusion operation of the left hip was suggested, but plaintiff refused to undergo surgery. Dr. Swart felt that a good result could be anticipated, and plaintiff would have several years of useful work as a result.

In July, 1960, plaintiff was examined by the Department of Public Assistance. An X-ray at this time showed considerable narrowing of the left hip joint space and degenerative arthritic changes of a rather marked degree. He was considered unable to work either full time or part time.

In a report dated May 28, 1962, Dr. J. Hunter Smith stated that plaintiff said that he could walk fairly well for about thirty minutes. After that period of time had elapsed, his hip tightened up and gave him difficulty. During warm weather plaintiff's hip feels better. Plaintiff's left leg measured ¼ inch short. There was ½ inch atrophy of the left calf and in the lower third of the left thigh. There was 1½ inch atrophy in the mid third of the left thigh. Flexion in the left hip was limited 25 degrees. There was 17 degree adduction of the left hip. The motion of his left knee was normal. No extension, external rotation, or internal rotation of the left hip was evident. Plaintiff walked with a marked limp on the left leg. He was able to squat and return, but this was obviously difficult for him. He used his right leg most of the time. He could tolerate weight on his left leg, but it caused him pain in the hip.

Dr. Smith concluded that plaintiff had a very severe traumatic arthritis of the left hip as a result of the fracture-dislocation sustained in 1955. He felt that there was deterioration in both the acetabulum and the head of the femur. Although Dr. Smith did feel that plaintiff had a severely disabled left hip, he did not consider him totally disabled. While he felt that plaintiff could not be employed in any position requiring standing, climbing, pushing, pulling, or lifting, he felt that plaintiff was employable in a sitting position. He observed that plaintiff did have two good upper extremities and would be able to travel to and from work. He was also of the opinion that plaintiff could be rehabilitated with a hip arthrodesis.

Although plaintiff undoubtedly suffers from a painful hip condition, there is substantial evidence to support the Secretary's decision that it was not disabling within the meaning of the Act. Plaintiff is able to walk for thirty minutes at a time without any appreciable difficulty and he is able to travel. There is also substantial evidence indicating that he can perform sedentary work with his hip in its present condition. He also can be rehabilitated with a hip arthrodesis, which, so far, he has refused to undergo. This refusal certainly is indicative of a lack of desire to help himself.

Since there is substantial evidence to support the Secretary's finding that plaintiff is not disabled within the meaning of the Act and his decision that plaintiff is not entitled to a period of disability or to disability insurance benefits under the applicable sections of the Act, as amended, defendant's motion for summary judgment is granted.